IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEXANDER FRYE, | ) |
|                 Plaintiff, | )  Civil Action No. 2:23-cv-01275 |
| vs. | )  Judge Robert J. Colville<br>)  Magistrate Judge Kezia O.L. Taylor |
| DAVID DENNIS, Dispute Resolution Team Leader Better Business Bureau, and VIA PATH TECHNOLOGIES, | ) |
|                 Defendants. | ) |

**MEMORANDUM ORDER OF COURT**

Before the Court is the Honorable Maureen P. Kelly's Report and Recommendation (ECF No. 23) recommending dismissal, with prejudice, of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A(b)(1). Also before the Court is Plaintiff, Alexander Frye's, Motion to Withdraw his Complaint and to Stop Taking 20% of Inmate Money (ECF No. 24). For the reasons stated below, the Report and Recommendation is adopted as the Order of this Court and Plaintiff's Motion is denied.

I.    **Procedural History**

As background, Plaintiff logged his Complaint with the Court on July 13, 2023, without paying the filing fee or filing a motion to proceed in forma pauperis. ECF No. 1. As a result, Plaintiff's case was closed, and Plaintiff was instructed that he must pay the filing fee or file a motion to proceed in forma pauperis in order to have his case reopened. ECF No. 3. On August 21, 2023, Plaintiff filed a Motion to Proceed In Forma Pauperis ("IFP Motion") (ECF No. 9) in which he signed an authorization allowing the Court to withdraw funds from his prisoner account for the payment of the filing fee. Plaintiff's IFP Motion was granted by the Honorable Lisa Pupo

1

Lenihan on August 23, 2023 and the Court set a payment plan as detailed in 28 U.S.C. § 1915(b). ECF No. 12.

On September 1, 2023, Plaintiff appealed Judge Lenihan's Order granting his IFP Motion (ECF No. 19) arguing that he should not be required to pay the filing fee. On October 17, 2023, this Court denied Plaintiff's appeal of Judge Lenihan's Order granting his IFP Motion (ECF No. 21) finding that the payment of the filing fee was required, and that Plaintiff was to pay the fee in accordance with the payment plan set out in § 1915(b).

On December 11, 2023, Judge Kelly filed her Report and Recommendation recommending that Plaintiff's Complaint be dismissed, with prejudice. ECF No. 23. Objections to the Report and Recommendation were due by December 26, 2023, and Plaintiff did not file any objections. Then, on February 6, 2024, Plaintiff filed the instant motion asking the Court to stop payment of the filing fee and permit him to withdraw his Complaint. ECF No. 24.

**II.     Discussion**

   **a. Report and Recommendation**

The Court will first address the pending Report and Recommendation.

"The Federal Magistrates Act provides two separate standards of judicial review of orders on matters referred to magistrate judges." *Alarmax Distributors, Inc. v. Honeywell Int'l Inc.*, No. 2:14-cv-1527, 2015 WL 12756857, at *1 (W.D. Pa. Nov. 24, 2015) (citing 28 U.S.C. § 636(b)(1)). A district court reviews objections to a magistrate judge's decision on non-dispositive matters to determine whether any part of the order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). A district court may only modify or set aside those parts of the order on non-dispositive matters that it finds to be clearly erroneous or contrary to law. *Id*. "A finding is 'clearly erroneous' when, 'although there is evidence to support it, the reviewing court

on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Pennsylvania, Dep't of Envtl. Prot. v. Allegheny Energy, Inc.*, No. 2:05-cv-885, 2007 WL 2253554, at *1 (W.D. Pa. Aug. 3, 2007) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)). "A magistrate judge's order is contrary to law 'when the magistrate judge has misinterpreted or misapplied the applicable law.'" *Brandon v. Burkhart*, No. 1:16-cv-177, 2020 WL 85494, at *2 (W.D. Pa. Jan. 7, 2020) (quoting *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006)).

Objections to a magistrate judge's disposition of a dispositive matter are subject to de novo review before the district judge. 28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(3). The reviewing district court must make a de novo determination of those portions of the magistrate judge's report and recommendation to which objections are made. *Id.* Following de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Upon review of Judge Kelly's Report and Recommendation and Plaintiff's Complaint, as well as a review of the entire record in this matter, the Court agrees with the well-reasoned analysis set forth in Judge Kelly's Report and Recommendation. As stated above, Judge Kelly recommends dismissal of Plaintiff's Complaint, with prejudice, pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff did not file any objections to the Report and Recommendation. Accordingly, the Court approves and adopts the Report and Recommendation in its entirety as the opinion of the Court.

### b. Plaintiff's Motion

Next, the Court addresses Plaintiff's pending Motion starting with his Motion that the Court Stop Taking 20% of Inmate Money. Pursuant to § 1915, a prisoner proceeding in forma pauperis is required to pay the filing fee if he files a civil action. Specifically, § 1915(b)(1) reads: "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." There is nothing in § 1915, or in any other authority, that allows the Court to waive payment of a filing fee, stop the payment of a filing fee, or refund any portion of the payment of a filing fee. *See Williams v. U.S. Dist. Court for the Dist. Of Newark, NJ*, 455 Fed. App'x 142, 144 (3d Cir. 2011) ("28 U.S.C. § 1915 makes clear that filing fees shall be assessed, and makes no provision for a refund of such fees.") (nonprecedential). Further, Plaintiff's argument that he did not authorize the payment of the filing fee because he did not send back the authorization form attached to the Order granting his IFP Motion is without merit. Plaintiff's obligation to pay the filing fee arose with his filing of his Complaint and his IFP Motion and "he cannot avoid those fees simply by failing to sign and file the [a]uthorization form." Arsad v. Gerula, 366 Fed. App'x 323, 324, n.1 (3d Cir. 2010). This does not change even if the Court were to allow Plaintiff to voluntarily withdraw his Complaint. This is because "[t]he purpose of the fee requirements is to provide an incentive 'to stop and think before filing suit.'" *Brown v. Spyker*, 2020 WL 13890719, at *1 (M.D. Pa. Feb. 28, 2020) (citing *Muhammad v. U.S. Marshals Serv.*, 385 Fed. App'x 70, 73 (3d Cir. 2010) (nonprecedential)).

Next, the Court turns to Plaintiff's Motion to Withdraw his Complaint. Given the Court's adoption of the Report and Recommendation dismissing Plaintiff's Complaint, with prejudice, Plaintiff's Motion to Withdraw his Complaint is denied as moot. While Plaintiff's Motion to Withdraw his Complaint is interpreted as a voluntary dismissal pursuant Fed R. Civ. P.

41(a)(1)(A)(i), the Court must consider the interplay between Rule 41 and 28 U.S.C. § 1915(g) when considering whether to allow voluntary dismissal of Plaintiff's Complaint. In this case, it makes a difference whether Plaintiff's case is dismissed under 28 U.S.C. § 1915A(b)(1) or by voluntary dismissal. Therefore, the Court has adopted the Report and Recommendation dismissing Plaintiff's Complaint, with prejudice, and his Motion to Withdraw his Complaint is denied as moot.

### III.   Conclusion

For the reasons stated above, the Report and Recommendation (ECF No. 23) is adopted as the opinion of the Court and Plaintiff's Complaint is dismissed, with prejudice. Further, Plaintiff's Motion to Withdraw his Complaint and to Stop Taking 20% of Inmate Money is denied.

BY THE COURT:
/s/ *Robert J. Colville*
Robert J. Colville
United States District Judge

Dated:  February 22, 2024

cc:   The Honorable Kezia O.L. Taylor
      United States Magistrate Judge

      Alexander Frye
      LM-3626
      SCI Fayette
      50 Overlook Drive
      LaBelle, PA 15450

      All counsel of record via CM/ECF